I must respectfully dissent from the majority opinion in this matter and would affirm the Deputy Commissioner's holding that defendant rebutted the presumption of disability and plaintiff unjustifiably refused suitable employment. The Communication Center Associate position, which was offered to plaintiff, was suitable and available in the marketplace. First, the position was within her physical restrictions. Next and most importantly, the modifications, which were made to an existing job position with defendant-employer, were so minor that the position was not rendered make-work by them.
The Communication Center Associate position primarily involved answering the telephone and fielding customer inquiries including monitoring the pager system and taking messages. The only modification allowed plaintiff to use a headset. The use of a headset is common in the marketplace and certainly does not render the job make-work. Plaintiff was also allowed to sit and stand which is not a significant modification to the job, if any at all. The position also involved various duties, which were specified in the original job description as "the duties of a minimum of one additional job as directed in order to maintain staffing flexibility and efficiency". This was the case regardless of who performed this job. These various duties included reviewing invoices, placing garments on hangers, handing garment tickets to fitting room customers and repackaging returned items. These are all duties, which are essential to the business of defendant-employer and are necessary and essential parts of retail positions available in the marketplace.
The Communication Center Associate position with miniscule modification offered to plaintiff was suitable employment, which was made available to plaintiff. Furthermore, plaintiff was capable of returning to this position. Plaintiff unjustifiably refused to continue performing this suitable employment as of November 11, 1998. Therefore, defendant has met its burden of proving that plaintiff is capable of earning wages. Based on plaintiff's unjustifiable refusal of suitable employment, she is entitled to no further compensation during the continuance of such refusal pursuant to N.C.G.S. 97-32.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER